Harold T. Walker, Chief CounselUnified Government of Wyandotte County Kansas City, Kansas Ninth Floor, Municipal Office Building 701 North Seventh Street Kansas City, Kansas 66101
Dear Mr. Walker:
As chief legal counsel for the Unified Government of Wyandotte County/Kansas City, Kansas ("UG"), you request our opinion whether a county treasurer should list properties where no tax has been paid but for which an application for exemption from taxation is currently pending. You note that this question involves the proper interpretation of K.S.A. 2006 Supp. 79-213(i) wherein you conclude that such property should not be listed because "unless taxes are owed for years prior to the point at which the exemption is alleged to apply, no taxes are due and owing, and therefore not delinquent."
You also state "[s]ituations have arisen where one party secures ownership of a parcel with delinquent taxes or has utilized a property for a non-exempt purpose and then alters that use to an exempt purpose with taxes due for prior years. In that case, publication of the amount due prior to the exempt application would seem appropriate."
We have not located any prior Attorney General Opinions, case law, or legal treatise discussions on this specific issue.[1] Thus, it appears to be an issue of first impression.
K.S.A. 2006 Supp. 79-201a provides tax exemption for property owned by specific entities or used for specific purposes. However, in order to qualify for such an exempt status, the owner of the property must first apply to the county appraiser, and if the exemption is denied, the Board of Tax Appeals next takes up the matter, pursuant to K.S.A. 2006 Supp.79-213.
Pending the outcome of a decision on the property's exempt status, the provisions of K.S.A. 2006 Supp. 79-213(i) create what may be considered a statutory stay on some of the processes normally associated with taxation. The statute provides in pertinent part:
 "(i) During the pendency of a request for exemption, no person, firm, unincorporated association, company or corporation charged with real estate or personal property taxes pursuant to K.S.A. 79-2004 and 79-2004a, and amendments thereto, on the tax books in the hands of the county treasurer shall be required to pay the tax from the date the request is filed with the county appraiser until the expiration of 30 days after the board issued its order thereon and the same becomes a final order. In the event that taxes have been assessed against the subject property, no interest shall accrue on any unpaid tax for the year or years in question nor shall the unpaid tax be considered delinquent from the date the request is filed with the county appraiser until the expiration of 30 days after the board issued its order thereon. In the event the board determines an application for exemption is without merit and filed in bad faith to delay the due date of the tax, the tax shall be considered delinquent as of the date the tax would have been due pursuant to K.S.A. 79-2004
and 79-2004a, and amendments thereto, and interest shall accrue as prescribed therein."[2]
Thus, by the terms of K.S.A. 2006 Supp. 79-213(i), persons or entities seeking a tax exemption are not required to pay tax, interest does not accrue, and the unpaid tax for the years in question is not considered delinquent, until after tax exempt status is denied.
However, this statute does not specifically address whether a county treasurer may lawfully exclude such a property from the list of properties on which taxes have not been paid.
K.S.A. 2006 Supp. 79-2101 sets forth procedures for collecting delinquent tax on personal property and K.S.A. 79-2303 speaks to publication of a list of real property subject to sale for delinquent taxes.
K.S.A. 79-2302 requires the county treasurer to create the list in question:
 "Between July 1 and July 10 of each year, the county treasurer shall prepare a list of all real estate subject to sale, describing the real estate in the same manner as described of record in the office of the county clerk or the register of deeds of the county in which the real estate is located. The county treasurer also shall prepare an accompanying notice stating that the county treasurer will sell the real estate described in the list to the county for the amount of the delinquent taxes and legal charges due on the real estate and that the sale will be on or after the first Tuesday of September following publication of the notice under K.S.A. 79-2303, and amendments thereto."[3]
The plain reading of K.S.A. 2006 Supp. 79-213(i) states that a tax debt is not to be considered delinquent as long as an application for exemption is still pending. This provision makes no exceptions for the procedures normally associated with such designation, such as listing a property on delinquent tax rolls. If a property owner has requested a tax exemption, K.S.A. 2006 Supp. 79-213(i) provides that any otherwise due and owing tax is not considered delinquent until such time as an application for exemption is denied. Thus, because an otherwise due and owing tax debt has been statutorily exempted from consideration as "delinquent," a county treasurer should not attempt to collect such taxes by utilizing the procedures in K.S.A. 79-2302 and K.S.A. 2006 Supp. 79-2101 unless and until a tax exemption has been denied.
However, you specifically note that in some situations the application for tax exemption may involve property for which a use or owner has changed, thus potentially entitling the property to new tax exempt status. Some types of situations may thus involve property that already had a pending tax delinquency from years prior.
We find nothing in K.S.A. 2006 Supp. 79-213(i) that would provide for an abatement or forgiveness of prior taxes already considered delinquent prior to an application for exemption, unless the application for tax exemption also places those facts and amounts into question. Rather, the language in this subsection specifically states that "nor shall the unpaid tax be considered delinquent from the date the request isfiled."
K.S.A. 2006 Supp. 79-213 also provides:
 "(j) In the event the board grants the initial request for exemption, the same shall be effective beginning with the date of first exempt use except that, with respect to property the construction of which commenced not to exceed 24 months prior to the date of first exempt use, the same shall be effective beginning with the date of commencement of construction.
 "(k) In conjunction with its authority to grant exemptions, the board shall have the authority to abate all unpaid taxes that have accrued from and since the effective date of the exemption. In the event that taxes have been paid during the period where the subject property has been determined to be exempt, the board shall have the authority to order a refund of taxes for the year immediately preceding the year in which the exemption application is filed in accordance with subsection (a)."
Thus, the application for exemption may impact a current tax year's obligations or even be applied for the preceding year. However, such an application and exemption does not impact taxes from uses or years prior to that time frame. Therefore, any pre-existing tax delinquency that falls outside the scope of K.S.A. 2006 Supp. 79-213 authority (with regard to exemption status) may be handled in accordance with standard tax collection procedures. This may include listing the property on delinquent tax rolls for years that would not be impacted by granting the requested exemption status.
In summary, it is our opinion that if a property owner has properly requested a tax exemption, K.S.A. 2006 Supp. 79-213(i) provides that taxes otherwise due as of that filing are not considered delinquent until the expiration of thirty days after the Board of Tax Appeals issues an order denying the exemption. Thus, a county treasurer should not attempt to collect such taxes by utilizing the procedures in K.S.A.79-2302 and K.S.A. 2006 Supp. 79-2101 unless and until this occurs. However, pursuant to K.S.A. 2006 Supp. 79-213, the application for exemption does not impact delinquent taxes from uses or years prior to the date the exemption request was filed, granted or became effective. Thus, any tax delinquency falling outside the parameters of K.S.A. 2006 Supp. 79-213 may be listed or handled in accordance with standard tax collection procedures.
Sincerely,
Paul J. Morrison Attorney General of Kansas
Theresa Marcel Bush Assistant Attorney General
[1] Discussions on this statute appear to mainly concern whether a specific property or use qualify for tax exemption.
[2] Emphasis added.
[3] Emphasis added.